# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Paul Jackson,**
**Petitioner Below, Petitioner**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0998** (Lincoln County 12-C-82)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul Jackson, by counsel Donald Jarrell, appeals the Circuit Court of Lincoln County's October 12, 2017, order granting summary judgment in respondent's favor and dismissing petitioner's petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent of Northern Correctional Facility, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in dismissing his habeas petition as moot and in failing to address the merits of the petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2005, petitioner was convicted of two counts of first-degree sexual abuse and two counts of sexual abuse by a parent, guardian, or custodian. On November 15, 2005, the circuit court sentenced petitioner to concurrent terms of incarceration of not less than one nor more than five years for each first-degree sexual abuse conviction and not less than ten nor more than twenty years for each sexual abuse by a parent, guardian, or custodian conviction.

On June 12, 2012, petitioner filed a petition for a writ of habeas corpus. In early 2013, the circuit court held a two-day omnibus evidentiary hearing. On March 15, 2014, however, prior to the entry of any order ruling on petitioner's habeas petition, petitioner discharged his sentence. Accordingly, respondent moved for summary judgment on petitioner's habeas petition, arguing that it was procedurally moot in light of this Court's decision in *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014), wherein we held in syllabus point 3 that "[a]n inmate who has been released from incarceration and placed on parole is no longer 'incarcerated under sentence of imprisonment' for purposes of seeking habeas corpus relief under the Post-Conviction Habeas Corpus Act[.]" On October 12, 2017, the circuit court granted respondent's motion for summary judgment and dismissed the case. It is from this order that petitioner appeals.

1

We apply a de novo standard of review to a circuit court's entry of summary judgment. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Petitioner argues on appeal that the circuit court erred in dismissing his habeas petition as moot and without considering the merits of it. Petitioner contends that, because the filing of the petition and the circuit court's hearing on it occurred during his incarceration, the court was obligated to issue a ruling despite his release from incarceration. Petitioner also contends that his placement on supervised release restricts his liberty sufficiently to entitle him to pursue habeas relief. Finally, petitioner argues various purported grounds for habeas relief, including ineffective assistance of counsel and violations of the Confrontation Clause.

We find no error in the circuit court's entry of summary judgment on petitioner's habeas petition as the propriety of ruling upon a habeas petition following a petitioner's release from incarceration has been authoritatively decided. In *Cline*, we made clear that "the predicate for filing, pursuing, and vesting the circuit court with subject matter jurisdiction is a petitioner's incarceration." 234 W.Va. at 432-33, 765 S.E.2d at 588-89. Indeed, "[t]his Court has never held that an inmate's constitutional right to petition for a writ of habeas corpus follows him or her through the prison door upon release of confinement." *Id.* at 433, 765 S.E.2d at 589. Further, we have defined "incarcerated" as "confinement in a jail or [in a] penitentiary." *Id.* (citation and internal quotations omitted). Thus, those who have been released on parole may not seek post-conviction habeas corpus relief. *Id.* at 434, 765 S.E.2d at 590. Although paroled individuals remain in the legal custody of the West Virginia Division of Corrections and Rehabilitation, a parolee is not imprisoned for purposes of seeking relief under the Post-Conviction Habeas Corpus Act. *Id.* Accordingly, upon petitioner's release from incarceration, the circuit court was stripped of subject matter jurisdiction over petitioner's petition for a writ of habeas corpus, despite petitioner's placement on supervised release. Without subject matter jurisdiction, any ruling issued by the circuit court would have been void. *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W.Va. 338, 346, 801 S.E.2d 216, 224 (2017). Therefore, we find no error in the circuit court's dismissal of petitioner's petition as moot.

For the foregoing reasons, the circuit court's October 12, 2017, order granting summary judgment in respondent's favor is hereby affirmed.

Affirmed.

**ISSUED:** October 19, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating

2